406 A.2d 1128

COMMONWEALTH of Pennsylvania

v.

Simon F. OSTOLAZA, Appellant.

Superior Court of Pennsylvania.

Submitted Sept. 15, 1978.

Decided June 29, 1979.

452

Thomas G. Klingensmith, Assistant Public Defender, Lancaster, for appellant.

Ronald L. Buckwalter, District Attorney, Lancaster, for Commonwealth, appellee.

Before CERCONE, SPAETH and LIPEZ, JJ.

SPAETH, Judge:

Appellant was tried by a judge sitting without a jury and was convicted of robbery. Post-verdict motions were denied and appellant was sentenced to two to four years in prison. On this appeal appellant contends that the evidence was insufficient to sustain the conviction.

On July 16, 1977, at approximately 12:00 noon, the victim was standing at a counter in the Southern Market in Lancaster. She had taken out her wallet to pay the store clerk

and was holding it open in her hand when appellant grabbed it. The victim refused to let go of the wallet and held onto it, screaming. Appellant finally wrenched it from her hands and ran out into the street with it.

In *Commonwealth v. Steward*, 263 Pa.Super. 191, 397 A.2d 812 (1979), this court stated: "In testing a sufficiency of evidence claim we first accept as true all the evidence upon which the finder of fact could properly have reached its verdict, and then, after giving the Commonwealth the benefit of all reasonable inferences arising from that evidence, we ask whether the evidence and the inferences arising from it are sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the crimes of which he has been convicted." *Id.*, 263 Pa.Super. at 199, 397 A.2d at 815–16.

■ The information filed against appellant charged him with robbery as defined under subsection (ii) of section 3701 of the Crimes Code, which provides that "[a] person is guilty of robbery if, in the course of committing a theft, he . . . threatens another with or intentionally puts him in fear of immediate serious bodily injury." 18 Pa.C.S. § 3701(a)(1)(ii). When past purse-snatching robbery cases are considered, it is clear that here the evidence, considered in accordance with the principles stated in *Commonwealth v. Steward, supra,* was insufficient to sustain the conviction.

In *Commonwealth v. Farmer*, 241 Pa.Super. 373, 361 A.2d 701 (1976), this court held the evidence sufficient to convict the defendant of robbery under subsection (ii) of section 3701 of the Crimes Code where the defendant and his co-defendant grabbed the victim's purse, punched her in the face, and ran away with the purse.[1] In *Commonwealth v. Scott*, 246 Pa.Super. 58, 369 A.2d 809 (1976), however, this court held a conviction under subsection (ii) improper, where

---

1. The author of this opinion dissented in *Farmer* and would have held the evidence insufficient to prove the intent to threaten or cause fear of serious bodily injury. *See Commonwealth v. Farmer, supra,* 241 Pa.Super. at 376–81, 361 A.2d at 702–05. (SPAETH, J., dissenting). *See also Commonwealth v. Alexander*, 477 Pa. 190, 383 A.2d 887 (1977) (punch to face does not constitute an aggravated assault).

the evidence was merely that the defendant had grabbed the victim's purse and had run away with it.

The facts here are closer to the facts in *Scott* than in *Farmer*, for here the victim was not punched. While it appears that appellant had to use some force to wrench the wallet away from the victim, the force was directed against the wallet; he never touched the victim's body. The facts that the victim resisted, that there was a brief tug of war over the wallet, and that the victim testified that she was afraid,[2] were not sufficient to prove that appellant intended that the victim be, or indeed that she was, placed in fear of serious bodily injury, as required under the Crimes Code.[3]

■ The conclusion that the evidence was insufficient to convict appellant under subsection (ii) is buttressed by a consideration of the 1976 amendments to section 3701 of the Code. By these amendments, subsection (v) was added to section 3701, setting forth a different type of robbery. Under subsection (v) a robbery occurs where in the course of committing a theft the defendant "physically takes or removes property from the person of another by force, however slight." 18 Pa.C.S. § 3701(a)(1)(v).[4] This subsection

2. The victim testified as follows:
   Q. At the time this happened, what was your mental state?
   A. Well, you are afraid, you know. You don't know what is going to happen to you. You don't want your wallet to be stolen, you don't want to say take it; yet you don't know what is going to happen. You don't know what they are going to do. I screamed and I was hopeful someone would help me.
   Q. Were you in fear at that time?
   A. Yes.
   N.T. 13–14.
   This testimony does not prove fear of serious bodily injury, and the victim offered no testimony to the effect that she was ever threatened with such injury.

3. "Serious bodily injury" is defined as "bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S. § 2301.

4. The 1976 amendments to section 3701 also added subsection (iv), which provides that a robbery occurs when "in the course of committing a theft [the defendant] . . . inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury." 18 Pa.C.S. § 3701(a)(1)(iv).

represents a codification of earlier law in this Commonwealth,[5] and was obviously intended to cover the type of purse-snatching robbery that occurred in *Scott* and in this case.[6] Based upon the evidence presented here, appellant clearly could have been convicted of robbery under subsection (v).[7] The mere fact that he grabbed the wallet with more than slight force and that a brief tug of war ensued was not sufficient to escalate a subsection (v) robbery into a subsection (ii) robbery.[8]

■ Instead of seeking, and obtaining, a conviction under subsection (v), the Commonwealth filed an information alleging robbery under subsection (ii). By only citing subsection (ii), and by neither referring to robbery generally under section 3701 nor citing subsection (v), the Commonwealth limited itself to proving that appellant committed robbery under subsection (ii). *See Commonwealth v. Madison*, 263 Pa.Super. 206, 397 A.2d 818 (1979).

■ It is well settled, however, "that upon an indictment for a particular crime, the defendant may be convicted of a lesser offense included within it." *Commonwealth v. Farmer*, 244 Pa.Super. 334, 337, 368 A.2d 748, 749 (1976). Thus if subsection (v) robbery constitutes a lesser included offense of subsection (ii) robbery, appellant could be convicted of subsection (v) robbery in this case.

■ The test for determining whether an offense is a lesser included offense is whether all the essential elements

5. *See Commonwealth v. Farmer, supra*, 241 Pa.Super. at 377–80, 361 A.2d at 702–04 (SPAETH, J., dissenting) (discussing law of robbery as it existed both before and after the enactment of the 1972 Crimes Code).

6. The conviction in *Farmer* could have been sustained under subsection (iv) of section 3701, had the 1976 amendments to section 3701 been in effect at the time of the purse snatching in that case.

7. Subsection (v) became effective on the date of its enactment, June 24, 1976. The incident in this case took place on July 16, 1977.

8. Robbery under subsection (ii) is a felony of the first degree while robbery under subsection (v) constitutes a felony of the third degree. 18 Pa.C.S. § 3701(b).

of the lesser offense are included in the greater offense. *Commonwealth v. Farmer*, 244 Pa.Super. at 338, 368 A.2d at 750; *Commonwealth v. Wilds*, 240 Pa.Super. 278, 362 A.2d 273 (1976). Here the greater offense is subsection (ii) robbery, which occurs when the defendant, in the course of committing a theft, threatens the victim or puts him in fear of serious bodily injury. Subsection (v) robbery occurs when the defendant, in the course of committing a theft, takes or removes property from the person of the victim by force. Thus, an essential element of subsection (v) robbery is a taking from the person of the victim. Since subsection (ii) robbery does not contain this element, a conviction under subsection (ii) would not necessarily include proof of this element. To be sure, there may be a case where both types of robbery would be proved, as where the defendant snatches the victim's purse, and at the same time threatens her with a revolver. But there also may be a case where a subsection (ii) robbery is proved on evidence that would not prove a subsection (v) robbery. Suppose, for example, that the victim is standing across the room from her purse and the defendant takes it, telling the victim to stay back or he will shoot her. There would be no subsection (v) robbery, for there was no taking "from the person of another by force," but there would be a subsection (ii) robbery, for there was a threat of serious bodily injury to the victim during the theft. Since a subsection (ii) robbery may be proved without necessarily proving a subsection (v) robbery, we cannot hold that subsection (v) robbery is a lesser offense included in the greater offense of subsection (ii) robbery.

This conclusion does not mean that appellant must be discharged, however, for the Commonwealth's evidence did prove that appellant committed theft, which is a lesser offense included in the greater offense of subsection (ii) robbery.[9] *See Commonwealth v. Stevens*, 237 Pa.Super. 457, 352 A.2d 509 (1975).

**9.** We do not understand why the Commonwealth failed to charge appellant under subsection (v), for as noted, such a charge was clearly warranted on the facts of this case. Moreover, it would have represented better practice, for by charging only a first degree felony

Appellant's conviction of robbery is reversed and the case is remanded to the lower court to impose sentence for the crime of theft.

under subsection (ii) instead of a third degree felony under subsection (v) the Commonwealth achieved a conviction of only theft, a misdemeanor of the first degree. *See* 18 Pa.C.S. § 3903(b).