459 A.2d 828

**COMMONWEALTH of Pennsylvania**

v.

**Lynn S. RITCHEY, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 12, 1982.

Filed May 6, 1983.

William Gleason Barbin, Johnstown, for appellant.

D. Gerard Long, District Attorney, Ebensburg, for Commonwealth, appellee.

Before CERCONE, President Judge, and WIEAND and BECK, JJ.

CERCONE, President Judge:

Appellant, Lynn S. Ritchey, takes this appeal from his conviction by a jury for aggravated assault and recklessly endangering another person. Appellant raises three issues, none of which have any merit, and we affirm.

The charges in the instant case arose as a result of an incident which occurred on December 18, 1979 in Cresson Township, Cambria County. On that date, at approximately 9:00 p.m., the victim, Gerald Croll, and his fiance, Patricia Budicky, were sitting in Croll's automobile, which was parked in a remote area. The couple had had an argument earlier in the day and were trying to talk over their differences when a truck pulled up behind their car. Croll turned on his headlights so that the truck would see that someone was there, and the truck proceeded to back up and leave the

area. Within a few minutes, a man knocked on the driver's window of Croll's car and the man told Croll to get out of the car. Thinking it was a police officer, Croll complied and was confronted by two men, one of them later identified as appellant. Appellant pulled out a gun and ordered Croll to tell his girlfriend to get out of the car. When Croll did not respond immediately appellant fired two shots into the air, whereupon Budicky got out of the car. Next appellant ordered Croll to get back in the car and to drive away. Croll did get back into the car but instead of complying with appellant's orders, Croll attempted to knock appellant down by backing his car into him. Appellant, however, jumped out of the way, and Croll got out of the car and started to struggle with appellant. Croll yelled to Budicky to get back in the car and start the engine, which had stalled. As Budicky did this, Croll and appellant continued to wrestle. During the fight, appellant at three separate times fired a shot into Croll's stomach. Despite his injuries, Croll continued the struggle until appellant got up and ran away.

■ Appellant first argues that the trial court erred in "limiting the scope of cross-examination on re-call of a particular witness." Appellant, however, fails to elaborate on this point and we do not know how the court unduly restricted cross-examination of the witness. In fact, appellant never identifies this witness in his brief, although the Commonwealth does tell us that it is the testimony of the victim, Croll, which is at issue. Since appellant fails to point to any particular error of the court in this matter, and since the record is equally unenlightening, we reject appellant's argument. See generally, *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975).

■ Appellant next argues that the court erred in refusing to answer a question put to the judge by the jury during its deliberations. Specifically, the jurors inquired whether the truck driven by appellant to the scene of the crime had been found by the police following the incident. As there was no testimony presented to the jury on this issue, the judge told the jurors that he could not answer

that question and he directed them to decide the case based upon their recollection of the evidence which was presented to them. Unquestionably, the trial judge acted properly in this matter and appellant's arguments to the contrary have no merit.

Lastly, appellant argues that the court erred in refusing to charge the jury as to the misdemeanor offense of aggravated assault, found at 18 Pa.C.S. § 2702(a)(4), in addition to charging the jury with the felonious aggravated assault offense, found at 18 Pa.C.S. § 2702(a)(1).

 The test for determining whether one offense is a lesser included offense of another is whether all the essential elements of the lesser offense are included in the greater offense. *Commonwealth v. Ostolaza*, 267 Pa.Superior Ct. 451, 406 A.2d 1128 (1979), and cases cited therein. For the instant case, the crime of aggravated assault is thusly described in relevant part by statute:

(a) *Offense defined.*—A person is guilty of aggravated assault if he:

(1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life;

. . . . .

(4) attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon;
. . .

18 Pa.C.S. § 2702(a)(1), (4).

It is appellant's contention that subsection (4) is a lesser included offense of subsection (1). We reject this argument for when the two subsections are read together it is apparent that subsection (4) contains an element that is not found in the greater offense of subsection (1). Specifically, subsection (4) requires that the assault be caused or attempted "with a deadly weapon". This element is not contained in subsection (1), which prohibits any attempt to cause or the causing of serious bodily injury but which does not limit

itself to any particular mode of causing such an injury. In this respect, appellant's case is comparable to *Commonwealth v. Ostolaza, supra,* which discussed this issue in the context of the robbery statute, found at 18 Pa.C.S. § 3701.

In *Ostoloza,* the greater offense was robbery under subsection (a)(1)(ii), which occurs when the defendant, in the course of committing a theft, threatens the victim or puts him in fear of serious bodily injury. The lesser offense of robbery, set forth at subsection 3701(a)(1)(v), occurs when the defendant, in the course of committing a theft, takes or removes property from the person of the victim by force. Thus, we concluded in *Ostolaza* that subsection (v) robbery was not a lesser included offense of subsection (ii) robbery, because an essential element of subsection (v) was a taking from the person of the victim, which is an element not found in subsection (ii) robbery. We went on in *Ostolaza* to note that there may be some cases where both types of robberies can be proved, but that there also can exist a case where only the greater offense of subsection (ii) will be proved. We summed up by saying: "Since a subsection (ii) robbery may be proved without necessarily proving a subsection (v) robbery, we cannot hold that subsection (v) robbery is a lesser offense included in the greater offense of subsection (ii) robbery." *Id.,* 267 Pa.Superior at 457, 406 A.2d at 1131.

The same conclusion must be reached with the assault offenses at issue in appellant's case, for as we previously noted the lesser offense of subsection 2702(a)(4) assault pertains only to assaults caused or attempted with a deadly weapon. This element is not found in the greater assault offense described in subsection 2702(a)(1). It is therefore possible that a subsection (1) assault may be proved in some cases without necessarily proving a subsection (4) assault. We therefore hold that subsection 2702(a)(4) assault is not a lesser included offense of subsection 2702(a)(1) and according we find that the lower court did not err when it refused to charge the jury with the lesser offense.

Finding no merit in any of appellant's issues, we affirm.

Affirmed.