636 A.2d 1166

**COMMONWEALTH of Pennsylvania**

v.

**Dwayne R. RHOADS, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 1, 1993.

Filed Jan. 26, 1994.

438

David Crowley, Bellefonte, for appellant.

J. Karen Arnold, Asst. Dist. Atty., Bellefonte, for the Com., appellee.

Before DEL SOLE, FORD ELLIOTT and HOFFMAN, JJ.

FORD ELLIOTT, Judge:

This is an appeal from the judgment of sentence entered on September 14, 1992. The only issue on appeal is whether the trial court properly sentenced appellant under two separate subsections of the simple assault statute on the basis of one criminal act. This single issue is meritorious, and as a result, we reverse.

The relevant facts underlying the case *sub judice* are that appellant was arrested on August 22, 1990, and charged with two subsections of aggravated assault,[1] recklessly endangering another person,[2] two subsections of simple assault[3] and furnishing alcohol to minors[4] related to an incident which occurred that same day. The jury acquitted appellant of aggravated assault but convicted him of both counts of simple assault, recklessly endangering another person, and furnishing alcohol to minors. On April 15, 1991, the trial court sentenced appellant to two consecutive periods of incarceration of one year to two years for simple assault and recklessly endangering another person. The sentence was appealed to this court and this court vacated the judgment of sentence and remanded for resentencing because it ruled that simple assault merged with reckless endangerment for sentencing purposes, 423 Pa.Super. 638, 616 A.2d 719.

The trial court then resentenced appellant on September 14, 1992, to two consecutive periods of incarceration of one to two years for two different subsections of the simple assault statute, 18 Pa.C.S.A. § 2701(a)(1) and (a)(2). Appellant received no sentence for the reckless endangerment offense and received a consecutive six-month to one-year sentence for

1.  18 Pa.C.S.A. § 2702.
2.  18 Pa.C.S.A. § 2705.
3.  18 Pa.C.S.A. §§ 2701(a)(1) and (a)(2).
4.  18 Pa.C.S.A. § 6310.1.

furnishing alcohol to minors. Appellant filed another Motion to Modify which was denied by order of October 13, 1992. The appeal is properly before us for disposition.

█ The only issue on appeal is one of first impression. We must determine whether the trial court properly sentenced appellant under two different subsections of the simple assault statute for the commission of one act. Appellant argues that this sentence is illegal because the statute provides for alternative pleading and cannot serve as a basis for separate punishments for the violation of one criminal statute where there is only one criminal act. We agree.

The Pennsylvania Supreme Court in *Commonwealth v. Shannon,* 530 Pa. 279, 608 A.2d 1020 (1992), addressed this identical issue as related to the involuntary deviate sexual intercourse ("IDSI") statute. While we recognize that the *Shannon* opinion garnered only a plurality of the votes (per opinion of Zappala, J., joined by one Justice with two Justices concurring in result, one Justice dissenting on the sentencing issue, and one Justice not participating), we believe that the reasoning of the plurality is compelling and we adopt that rationale in this case. In *Shannon,* the plurality held that the sentencing court erred when it imposed separate sentences upon the defendant for violating separate subsections of the IDSI statute [5] arising from a single act. The court observed that the statutory framework provided for alternative means of establishing a single harm, involuntary deviate sexual intercourse. The first two subsections of 18 Pa.C.S.A. § 3123 contemplated the use of force. Subsections (3) and (4) indicated that neither an unconscious nor mentally deficient person

---

5.  **Involuntary deviate sexual intercourse**
    A person commits a felony of the first degree when he engages in deviate sexual intercourse with another person:
    (1) by forcible compulsion;
    (2) by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution;
    (3) who is unconscious;
    (4) who is so mentally deranged or deficient that such person is incapable of consent; or
    (5) who is less than 16 years of age.
    18 Pa.C.S.A. § 3123.

may engage voluntarily in deviate sexual intercourse. Finally, subsection (5) identified another category of person, a child under the age of 16, as being incapable of voluntarily engaging in such conduct. The statute is phrased in the disjunctive and the court stated that the operative word "or" in subsection (4) suggested that each subsection of the statute provided an alternative basis upon which the crime of involuntary deviate sexual intercourse could be established. As a result, the court held that the imposition of separate sentences for the two counts of IDSI arising from a single act was beyond the authority of the trial court.

Likewise, in the instant case the simple assault statute is phrased in the disjunctive, and each subsection of the statute provides an alternative basis for finding culpability. The relevant statute provides in pertinent part:

**Simple Assault**

(a) Offense defined.—A person is guilty of assault if he:

(1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another;

(2) negligently causes bodily injury to another with a deadly weapon; or

(3) attempts by physical menace to put another in fear of imminent serious bodily injury.

18 Pa.C.S.A. § 2701.

Although we recognize that the jury found that appellant's conduct established culpability under both §§ 2701(a)(1) and (a)(2), this did not authorize separate and consecutive sentences under both subsections. Appellant shot the victim in the chest, believing that the gun was not loaded. There was only one criminal act. An examination of the statute in this case, as in the *Shannon* case, suggests that the legislature intended each separate subsection to establish an alternative basis for culpability rather than each representing the commission of a separate crime for sentencing purposes. Hence, we reach the same conclusion as the *Shannon* court.[6]

6. We recognize that in dissent in *Shannon,* Justice Larsen takes the position that the Commonwealth suffered two injuries from the defen-

As this court stated in *Commonwealth v. Whetstine*, 344 Pa.Super. 246, 496 A.2d 777 (1985), "... in order to support the imposition of more than one sentence, it must be found that the defendant's conduct constituted more than one injury to the Commonwealth." *Id.* at 251, 496 A.2d at 779–780. In this case appellant engaged in one underlying act of simple assault and the Commonwealth suffered one injury as a result. This is not a situation where different criminal offenses are involved rather there is but one offense and alternative bases of culpability for that offense.

Finally, we find the Commonwealth's reliance on *Commonwealth v. Ritchey*, 313 Pa.Super. 238, 459 A.2d 828 (1983), and *Commonwealth v. Ostolaza*, 267 Pa.Super. 451, 406 A.2d 1128 (1979), to be misplaced. This court in both cases examined subsections of a criminal statute and found them not to represent lesser included offenses of one another. In *Ritchey*, this court held that 18 Pa.C.S.A. § 2702(a)(4), misdemeanor aggravated assault, is not a lesser included offense of 18 Pa.C.S.A. § 2702(a)(1), felonious aggravated assault, and therefore the trial court did not err in failing to give a § 2702(a)(4) instruction in the case. The court reasoned that when the two subsections were read together, subsection (4) contained an element (attempt to cause harm with a deadly weapon) that was not found in the conduct proscribed by subsection (1).

In *Ostolaza*, this court, in examining the subsections of 18 Pa.C.S.A. § 3701(a)(1) for the crime of robbery determined

dant's single act in that he not only performed oral sex upon the victim by threat of forcible compulsion but also performed oral sex upon a victim under the statutory age. However, his reliance upon *Commonwealth v. Rhodes*, 510 Pa. 537, 510 A.2d 1217 (1986), appears to be misplaced. In *Rhodes* the defendant violated two different statutes rather than one, and the Commonwealth had different protected interests with respect to each statute. Coincidentally, as applies to the instant appeal, we note that in *Rhodes* the Commonwealth had charged the defendant under four subsections of the rape statute. The evidence was sufficient to convict the defendant under three of the subsections but the court correctly sentenced him for only one offense of rape. Likewise in this case, although the jury convicted appellant under two subsections of the simple assault statute, he may only be sentenced for the one offense of simple assault.

that the subsections of the robbery statute are not lesser included offenses of one another. Rather, the court determined that the subsections described distinct types of conduct which would constitute the crime of robbery.

The Commonwealth would argue that *Ritchey* and *Ostolaza* are supportive of its position that the convictions under subsections 18 Pa.C.S.A. § 2701(a)(1) and (a)(2) do not constitute lesser included offenses, hence, do not merge and therefore can support separate sentences. However, the Commonwealth has extended the rationale of these two cases far beyond their holdings. To the contrary, we find the *Ritchey* and *Ostolaza* cases supportive of our disposition today. The various subsections in question in those cases did not constitute lesser included offenses of one another, in point of fact, a more critical reading of the rationale of these cases indicates that these subsections represented alternative bases of culpability upon which an actor's conduct might be judged. However, while a defendant's conduct might fall under more than one subsection, it does not then follow that more than one punishment is authorized. We agree with appellant that such an extension of logic runs afoul of fundamental principles of double jeopardy prohibiting multiple punishments for the same offense. Clearly, the *Ritchey* and *Ostolaza* decisions did not hold that a defendant can be given consecutive sentences under two separate subsections of the same statute for the same conduct.

Hence, we conclude from the fair import of the statute's terms, including its three subsections, that 18 Pa.C.S.A. § 2701 reveals a design to proscribe one harm, simple assault. The imposition of separate sentences for the two counts of simple assault arising from a single act was an illegal sentence.

Accordingly, we vacate and remand the sentence to the Court of Common Pleas of Centre County for resentencing consistent with this opinion.

Accordingly, sentence vacated. Jurisdiction relinquished.