J-S56012-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| OMAR SHARIFF BEST, | |
| Appellant | No. 2070 MDA 2014 |

Appeal from the Judgment of Sentence September 12, 2014
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0001772-2013

BEFORE:  SHOGAN, JENKINS, and PLATT,[*] JJ.

MEMORANDUM BY SHOGAN, J.:  **FILED DECEMBER 23, 2015**

Appellant, Omar Shariff Best, appeals from the judgment of sentence entered on September 12, 2014, in the Centre County Court of Common Pleas.  We affirm.

On July 25, 2013, Appellant, while incarcerated at the State Correctional Institution at Rockview, physically attacked and raped a female employee at the facility.  Following a jury trial, Appellant was found guilty of, *inter alia*, aggravated assault causing serious bodily injury,[1] aggravated

---

[*]  Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 2702(a)(1).

assault of an employee at a correctional institution,[2] rape by forcible compulsion,[3] and rape of an unconscious person.[4] The trial court sentenced Appellant on September 12, 2014, and on September 22, 2014, Appellant filed a timely post-sentence motion, which was denied in an order filed on November 21, 2014. This timely appeal followed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issues for this Court's consideration:

> I. Did the Trial Court err in denying [Appellant's] pre-Trial Motion *in Limine* and allowing the admissibility at Jury Trial of inflammatory color photographs of the petechial hemorrhaging of the sclera of both of [the victim's] eyes?
>
> II. Did the Trial Court err in granting the Commonwealth's pre-Trial Motion *in Limine* and preventing the defense from using an illustration of reasonable doubt during closing summation?
>
> III. Did the Sentencing Court err in imposing two separate sentences on Count 1 and on Count 2 for one single act of Aggravated Assault, and in imposing two separate sentences on Count 3 and on Count 4 for one single act of Rape?

Appellant's Brief at 11 (*verbatim*).

In Appellant's first two issues, he claims the trial court erred in its ruling on two motions *in limine*. The well-settled standard of review we

---

[2] 18 Pa.C.S. § 2702(a)(2).

[3] 18 Pa.C.S. § 3121(a)(1).

[4] 18 Pa.C.S. § 3121(a)(3).

apply when reviewing a trial court's ruling on a motion *in limine* is as follows:

> When reviewing the denial of a motion *in limine*, this Court applies an evidentiary abuse of discretion standard of review. It is well-established that the admissibility of evidence is within the discretion of the trial court, and such rulings will not form the basis for appellate relief absent an abuse of discretion. Thus, the Superior Court may reverse an evidentiary ruling only upon a showing that the trial court abused that discretion. A determination that a trial court abused its discretion in making an evidentiary ruling may not be made merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous. Further, discretion is abused when the law is either overridden or misapplied.

***Commonwealth v. Hoover***, 107 A.3d 723, 729 (Pa. 2014) (internal citations, ellipsis, and quotation marks omitted).

In Appellant's first issue, he argues that the trial court erred in denying his motion *in limine* and permitting the Commonwealth to introduce seven photographs depicting the hemorrhaging in the victim's eyes caused by the attack. Appellant's Brief at 22.

> The test for determining whether photographs are admissible involves a two-step analysis. First, the court must decide whether a photograph is inflammatory by its very nature. If the photograph is deemed inflammatory, the court must determine whether the essential evidentiary value of the photograph outweighs the likelihood that the photograph will improperly inflame the minds and passions of the jury.

***Commonwealth v. Lowry***, 55 A.3d 743, 753 (Pa. Super. 2012) (citations and quotation marks omitted).

At the hearing on the motion *in limine*, the following exchange occurred:

> [Appellant's Counsel]: The second Motion in Limine is with respect to colored photographs of [the victim]. This picture of her eyes. For the record I marked this as Defendant's Exhibits 1 through 7. We're asking the court to review those and to enter an Order that the Commonwealth be precluded from using them. I would suggest to the Court that those are highly inflammatory.
>
> The witnesses can testify as to what they observed. [The victim] can testify to her injuries. To submit or admit the photographs would just be cumulative I would suggest to the Court. Another alternative would be to have them in black and white as opposed to color if the Court was inclined to admit them.
>
> The Court: You know I have had some horrendous photographs of autopsies and bodies that are mangled and damaged and I can see in those cases why – especially when there is the presence of blood splatters and pools of blood and all of that, why you would want that to be in black and white because it is a bit inflammatory. I am looking at these photos and they really are not shocking at all to me. It actually just shows this woman's eyes to be red and I am not taken back by this. I really am not. I don't think a jury would be either.
>
> [Assistant District Attorney]: Commonwealth doesn't believe that they are inflammatory at all. They are direct proof of what [the victim] says, that she was choked unconscious by [Appellant] and received these injuries based on what [Appellant did]. We have a burden of proof here to show that he attempted to cause her serious bodily injury or caused her serious bodily injury. They are direct evidence of that.
>
> The Court: What is the Commonwealth's theory as to why her eyes are red like this? Is this because of alleged strangulation?
>
> [Assistant District Attorney]: Yes, Your Honor. Absolutely. The allegation here is that [Appellant] entered the room, came up behind her, strangled her, threatened her with a knife, and chocked [sic] her to the point that she was unconscious, where he then raped her. This is direct evidence of that. And if

- 4 -

[Appellant] is going to argue that they had consensual sex and this is somehow part of their consensual sex this evidence dispels that and is important for that purpose as well.

The Court: Yeah. I am not going to preclude these photos.

N.T., Motion *in Limine*, 5/14/14, at 19-21.

Additionally, in its opinion, the trial court stated:

This Court denied [Appellant's] Motion *in Limine* and concluded the photographs were relevant and their probative value outweighed any prejudice to [Appellant]. The photographs were not precluded because the Commonwealth had the burden to prove to the jury that [the victim] suffered a serious bodily injury pursuant to the elements of the Aggravated Assault counts. Although [the victim] did testify regarding her injuries, including the injury to her eyes, [Appellant] offered a consent defense and he testified that [the victim] asked him to choke her for her own erotic pleasure. Nurse Hubler could not testify about the petechial hemorrhaging in the sclera of [the victim's] eyes because only minor redness was immediately noticeable. Therefore, the evidence was not cumulative. The photographs depicted virtually all of the white of [the victim's] eyes to be very red but there was nothing particularly ghastly about the images. Therefore, this Court maintains there was no err in denying the Motion *in Limine* regarding these photographs.

Trial Court Opinion, at 2/4/15, at 2-3.

We discern no abuse of discretion. The trial court determined that the images were not inflammatory and were relevant and probative of the elements of the crimes with which Appellant was charged. Appellant is entitled to no relief on this issue.[5]

_____

[5] Assuming the trial court had concluded that the photos were inflammatory, we would conclude that the evidentiary value of the photographs outweighed the likelihood that they would improperly inflame the minds and passions of
*(Footnote Continued Next Page)*

In his second issue, Appellant argues that the trial court erred in granting the Commonwealth's motion *in limine* precluding the defense from using an illustration of reasonable doubt during its closing. The trial court addressed this issue as follows:

> In their Motion *in Limine*, the Commonwealth sought to preclude defense counsel from using an illustration in her closing argument regarding reasonable doubt. The illustration involved using one's common sense and experience to make a decision regarding whether to ice skate on a pond after making observations such as the weather, the appearance of the ice, etc. This Court precluded defense counsel from using this illustration as it is not that useful in understanding reasonable doubt, can tend to confuse the jury, involves an experience that many people cannot relate to as not everyone ice skates on open bodies of water, and involves a fearful concept. The thought of making a mistake in assessing the security of ice on which to skate, falling through the ice into the water, and the potential results of hypothermia, frost bite, or drowning are such unpleasant thoughts, this Court concluded that this particular illustration is not appropriate. *See* Com. v. Fisher, 572 Pa. 105, 127, 813 A.2d 761, 774 (2002) Justice Saylor concurring. Defense counsel was free to use another illustration or to describe the concept of reasonable doubt in another manner for the jury.

Trial Court Opinion, at 2/4/15, at 3.

Appellant cites to **Commonwealth v. Jones**, 858 A.2d 1198, 1200 (Pa. Super. 2004), which stands for the proposition that the trial court may use an illustration to explain reasonable doubt. Appellant's Brief at 33.

*(Footnote Continued)* ────────────

the jury. **Lowry**, 55 A.3d at 753. Appellant's defense was that he had consensual intercourse with the victim and choked her as part of that allegedly consensual act. The photos were direct evidence proving the injuries the victim sustained, established the force used in the attack, and Appellant's intent to injure the victim.

However, that fact is not in dispute as it is the trial court's responsibility to instruct the jury on the applicable law. **Commonwealth v. Hallman**, 67 A.3d 1256, 1262 (Pa. Super. 2013) (citing **Commonwealth v. Hart**, 565 A.2d 1212, 1216 (Pa. Super. 1989)). Therefore, it was the trial court's duty to explain reasonable doubt to the jury, not Appellant's.

Appellant has not argued that the jury received an inadequate or improper instruction on reasonable doubt; he complains only that he was unable to provide his own analogy. Moreover, we point out that the trial court did not bar Appellant from providing the jury with an illustration of reasonable doubt — it only precluded Appellant from using the example of walking across a frozen body of water. Trial Court Opinion, 2/4/15, at 3. Appellant has offered no authority that would cause this Court to find that the trial court abused its discretion by precluding the proffered frozen-pond analogy. Accordingly, we conclude that no relief is due.

Finally, Appellant avers that the trial court erred in imposing separate sentences on the two aggravated-assault convictions and in imposing separate sentences on the two rape convictions. Appellant argues that aggravated assault causing serious bodily injury and aggravated assault of an employee at a correctional institution should merge, and he claims that rape by forcible compulsion and rape of an unconscious person should merge.

The issue of merger is a pure question of law, and our standard of review is plenary. **Commonwealth v. Yeomans**, 24 A.3d 1044, 1050 (Pa. Super. 2011). In 2002, our Legislature enacted the merger statute, which reads as follows:

> **§ 9765. Merger of sentences**
>
> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S. § 9765.[6] Following the enactment of the merger statute, our Supreme Court determined that when each offense contains an element that the other does not, merger is inappropriate. **Commonwealth v. Baldwin**, 985 A.2d 830, 837 (Pa. 2009).

> To determine whether offenses are greater and lesser-included offenses, we compare the elements of the offenses. If the elements of the lesser offense are all included within the elements of the greater offense and the greater offense has at least one additional element, which is different, then the sentences merge. If both crimes require proof of at least one element that the other does not, then the sentences do not merge.

**Commonwealth v. Nero**, 58 A.3d 802, 807 (Pa. Super. 2012) (internal citations and quotation marks omitted).

---

[6] 42 Pa.C.S. § 9765 became effective on February 7, 2003.

As noted above, Appellant was charged with and convicted of aggravated assault causing serious bodily injury and aggravated assault of an employee at a correctional institution. The elements of these crimes are set forth as follows:

A person is guilty of aggravated assault if he:

(1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life;

(2) attempts to cause or intentionally, knowingly or recklessly causes serious bodily injury to any of the officers, agents, employees or other persons enumerated in subsection (c) or to an employee of an agency, company or other entity engaged in public transportation, while in the performance of duty;

18 Pa.C.S. § 2702 (a)(1) and (2). Additionally, for purposes of our discussion of 18 Pa.C.S. 2702(a)(2), an employee at a correctional institution is a specifically enumerated person under 18 Pa.C.S. § 2702(c)(9).

Pursuant to Section 9765, aggravated assault causing serious bodily injury is not a lesser included offense of aggravated assault of an employee at a correctional institution because, while aggravated assault causing serious bodily injury requires extreme indifference to the value of human life, aggravated assault of an employee at a correctional institution does not. Moreover, aggravated assault of an employee at a correctional institution requires the victim to be employed at a correctional institution, while aggravated assault causing serious bodily injury has no such employment

requirement. Therefore, neither crime is a lesser included offense of the other, and they do not merge under Section 9765.

With respect to the rape charges, Appellant was convicted of rape by forcible compulsion and rape of an unconscious person. The elements of these crimes are set forth as follows:

A person commits a felony of the first degree when the person engages in sexual intercourse with a complainant:

(1) By forcible compulsion.

* * *

(3) Who is unconscious or where the person knows that the complainant is unaware that the sexual intercourse is occurring.

18 Pa.C.S. § 3121(a)(1) and (3).

The only element that these two crimes have in common is sexual intercourse, because rape by forcible compulsion does not require the victim to be unconscious, and rape of an unconscious person does not require forcible compulsion. Therefore, neither crime is a lesser included offense of the other, and these crimes do not merge under Section 9765.

Finally, Appellant claims that there is a double jeopardy component of his merger claim. Appellant's Brief at 38. Appellant cites to *Commonwealth v. Dobbs*, 682 A.2d 388 (Pa. Super. 1996) and *Commonwealth v. Rhoads*, 636 A.2d 1166 (Pa. Super. 1994) to support his argument. In *Dobbs*, this Court explained that if a defendant has engaged in a single criminal act violating more than one section of a statute,

and if those sections are designed to proscribe a single harm, then the sentences merge. **Dobbs**, 682 A.2d at 391. In **Rhoads**, this Court stated that convictions of two separate subsections of the simple assault statute constitute one offense for sentencing when the factual predicate for both convictions was one underlying act because the subsections of the simple assault statute were drafted with the disjunctive "or," and are, therefore, alternative bases for conviction. **Rhoads**, 636 A.2d at 1167-1168.

After review of the aforementioned cases and their analysis on merger, however, we must point out that those cases were decided prior to the enactment of 42 Pa.C.S. § 9765. Our Supreme Court affirmed the adoption of an elements-based approach to merger analysis under Section 9765 in **Baldwin**, and thus implicitly rejected the argument that case law decided before the enactment of Section 9765 should control. **Baldwin**, 985 A.2d at 835-837. Moreover, this Court has concluded that there is no bar to the legislature defining merger in a purely elemental fashion and that Section 9765 does not violate double jeopardy. **Commonwealth v. Wade**, 33 A.3d 108, 121 (Pa. Super. 2011). Accordingly, we need not address the double jeopardy issue based on the pre-Section 9765 cases further, and we conclude there was no error in the trial court sentencing Appellant separately for both aggravated assault convictions and for both rape convictions.

For the reasons set forth above, we conclude that Appellant is entitled to no relief. Accordingly, we affirm the judgement of sentence.

Judgment of sentence affirmed.

Judge Jenkins joins the memorandum.

Judge Platt concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/23/2015