J-S14026-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JACOB A. MORRONI | |
| Appellant | No. 1293 MDA 2015 |

Appeal from the Judgment of Sentence April 23, 2015
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0001659-2014

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, J.                    **FILED MAY 02, 2016**

Appellant, Jacob A. Morroni, appeals from the judgment of sentence entered on April 23, 2015, in the Court of Common Pleas of Centre County. We reverse the judgment of sentence in part, as we find that the sentence for simple assault should have merged with one of the robbery sentences, but we affirm the judgment of sentence in all other respects.

As we write exclusively for the parties, who are familiar with the factual context and legal history of this case, we set forth only so much of the facts and procedural history as is necessary to our analysis.

Morroni approached the victim, shook her, and grabbed her wallet. **See** N.T., Trial, 3/9/15, at 76. He had possession of the wallet for "maybe

---

[*] Former Justice Specially assigned to the Superior Court.

thirty seconds" before the victim was able to grab it back. *Id*., at 77. Morroni then persisted in the assault. Once the victim recovered her wallet, he reached into her pocket and took the victim's phone. *See id*., at 76. As he grabbed the phone, he took her by the hair and pulled her up the street. *See id*., at 77. Eventually, he pushed her to the ground and hit the victim on the head "maybe ten times" with a closed fist. *Id*., at 78.

A jury convicted Morroni of, among other things, two counts of robbery and simple assault. The trial court imposed consecutive sentences on the robbery convictions and a concurrent sentence on the simple assault conviction, resulting in an aggregate period of imprisonment of three to six years. The trial court denied Morroni's post-sentence motion. This timely appeal followed. On appeal, Morroni raises two issues challenging the legality of his sentence.

Morroni first argues that the trial court erred in imposing separate sentences on his robbery convictions. He maintains that his robbery convictions, under 18 Pa.C.S.A. §§ 3701(a)(1)(iv) and (v), are "subsections of the same crime and that he could not be sentenced separately based on the same criminal act." Appellant's Brief, at 11. Morroni contends the separate sentences violate double jeopardy.

The propriety of the sentences for two different subsections of the same statute based on the allegedly same conduct is a legality-of-sentence challenge. *See*, *e.g.*, *Commonwealth v. Provenzano*, 50 A.3d 148, 157

(Pa. Super. 2012). Morroni contends that his argument does not pertain to merger, but it does. "A claim that the trial court imposed an illegal sentence by failing to merge sentences is a question of law." *Commonwealth v. Orie*, 88 A.3d 983, 1020 (Pa. Super. 2014). Accordingly, our standard of review is *de novo* and our scope of review is plenary. *See Commonwealth v. Brougher*, 978 A.2d 373, 377 (Pa. Super. 2009).

> The Sentencing Code provides as follows.
>
> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S.A. § 9765. "Accordingly, merger is appropriate only when two distinct criteria are satisfied: (1) the crimes arise from a single criminal act; and (2) all of the statutory elements of one of the offenses are included within the statutory elements of the other." *Commonwealth v. Raven*, 97 A.3d 1244, 1249 (Pa. Super. 2014).

The statutory elements of Morroni's two robbery convictions are plainly different. *Compare* 18 Pa.C.S.A. § 3701(a)(1)(iv), *with* 18 Pa.C.S.A. § 3701(a)(1)(v). "If both crimes require proof of at least one element that the other does not, then the sentences do not merge." *Commonwealth v.*

***Nero***, 58 A.3d 802, 807 (Pa. Super. 2012) (citations omitted). That is the case here. The crimes do not merge.[1]

Morroni relies exclusively on ***Commonwealth v. Rhoads***, 636 A.2d 1166 (Pa. Super. 1994), to argue that his sentence on both robbery subsections is illegal. In ***Rhoads***, this Court stated that convictions of two separate subsections of the simple assault statute constitute one offense for sentencing when the factual predicate for both convictions was one underlying act because the subsections of the simple assault statute were drafted with the disjunctive "or," and are, therefore, alternative bases for conviction. ***See id***., at 1167-1168.

***Rhoads*** preceded the enactment of § 9765. Our Supreme Court has since affirmed the adoption of an elements-based approach to merger analysis under § 9765 and thus implicitly rejected the argument that case law decided before the enactment of § 9765 should control. ***See Commonwealth v. Baldwin***, 985 A.2d 830, 835-837 (Pa. 2009). Moreover, this Court has concluded that there is no bar to the legislature defining merger in a purely elemental fashion and that § 9765 does not violate double jeopardy. ***See Commonwealth v. Wade***, 33 A.3d 108, 121 (Pa.

_____

[1] Our resolution of this issue differs from that of the trial court. ***See*** Trial Court Opinion, 7/17/15, at 2-3. But we may affirm on any basis. ***See Commonwealth v. Pacell***, 497 A.2d 1375, 1377 n.1 (Pa. Super. 1985).

Super. 2011). Accordingly, Morroni's double jeopardy argument based on the pre-§ 9765 **Rhoads** decision is meritless.

Morroni next argues that the trial court erred by failing to merge for sentencing purposes the offenses of robbery and simple assault. We agree with this contention.

As noted, merger under § 9765 requires that the crimes arise from a single criminal act *and* all of the statutory elements of one of the offenses are included within the statutory elements of the other. **See Raven**, 97 A.3d at 1249.

The statutory elements of simple assault are plainly included within the statutory elements of robbery. **Compare** 18 Pa.C.S.A. § 2701(a)(1), **with** 18 Pa.C.S.A. § 3701(a)(1)(iv). Indeed, we have observed "that a conviction for simple assault **may** merge with a robbery conviction for sentencing purposes, if the prerequisites for such merger are clearly established." **Commonwealth v. Jenkins**, 96 A.3d 1055, 1059 (Pa. Super. 2014) (emphasis in original). This is because "simple assault does not require proof of any statutory element that robbery does not also require." **Id**., at 1062 (footnote omitted).

Thus, we must determine whether the simple assault and robbery convictions arose out of the same criminal act. To answer this inquiry, "[w]e must determine whether [the defendant's] actions ... constituted a single criminal act, with reference to elements of the crime as charged by the

Commonwealth." *Id*., at 1060 (internal quotation marks and citation omitted; brackets added). And to do that, we examine the criminal information. *See id*., at 1061.

Here, the information simply lists the offenses and the statutory elements. *See* Criminal Information, 10/15/14. It does not charge distinct criminal acts, as the trial court acknowledges. *See* Trial Court Opinion, 7/17/15, at 4 ("Here, the information filed against Defendant did not list the specific conduct that constituted the simple assault versus the conduct that constituted robbery."). The trial court further acknowledges that "at trial the Commonwealth did not distinguish between which conduct was charged for each offense." *Id*.

Despite these failings, the trial court was able to examine the evidence and determine "that Defendant's conduct did not constitute a single criminal act." *Id*. To make this finding, the trial court notes that this case is "[s]imilar" to *Jenkins* in that the "acts can be separated into distinct crimes." *Id*. In *Jenkins*, however, the criminal information enumerated that the elements of simple assault and robbery were fulfilled by the description of the facts underlying the crimes, thus permitting their separation into the two discrete crimes. That is completely absent here. This case is nothing like *Jenkins*.

Given the lack of factual detail in the criminal information in this case, and even the Commonwealth's failure to distinguish the conduct charged for

each offense at trial, we cannot agree with the trial court that the crimes should not have merged for sentencing purposes. Accordingly, we reverse the judgment of sentence for simple assault at count four as it merges with robbery at count one.

We need not remand for re-sentencing as we have not upset the sentencing scheme. The trial court imposed the sentence for simple assault to run concurrent to count two. *See* Sentencing Order, Count 4 Simple Assault, 4/27/15; N.T., Sentencing, 4/23/15, at 17. The judgment of sentence as corrected in this memorandum is affirmed in all other respects.

Convictions affirmed. Judgment of sentence affirmed in part and reversed in part. Jurisdiction relinquished.

President Judge Emeritus Ford Elliott joins the memorandum.

President Judge Emeritus Stevens files a concurring and dissenting statement.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/2/2016