**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| PHILLIP D. COLTON | : | |
| | : | |
| Appellant | : | No. 151 MDA 2017 |

Appeal from the Judgment of Sentence November 9, 2016
In the Court of Common Pleas of Centre County
Criminal Division at No(s):  CP-14-CR-0000454-2013

BEFORE:  GANTMAN, P.J., SHOGAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY GANTMAN, P.J.:                **FILED DECEMBER 28, 2017**

Appellant, Philip D. Colton, appeals from the amended judgment of sentence, imposed in the Centre County Court of Common Pleas, following remand for resentencing on Appellant's convictions for numerous sex offenses committed against the mentally disabled granddaughter of Appellant's paramour.  We affirm.

The trial court opinion fully and correctly set forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.

Appellant raises one issue on appeal:

> DID THE SENTENCING COURT ERR IN IMPOSING TWO SEPARATE SENTENCES ON CENTRE COUNTY CRIMINAL INFORMATION NO. CP-14-CR-454-2013, COUNT 1, RAPE, MENTALLY DISABLED PERSON, 18 PA.C.S.A. § 3121(A)(5), AND COUNT 2, RAPE OF A CHILD, 18 PA.C.S.A. § 3121(C), FOR ONE SINGLE ACT OF RAPE?

(Appellant's Brief at 9).

Appellant argues he should not be subject to two separate sentences at Centre County Criminal Information No. CP-14-CR-454-2013, Count 1, Rape, Mentally Disabled Person at 18 Pa.C.S.A. § 3121(A)(5), and Count 2, Rape of a Child at 18 PA.C.S.A. § 3121(C), for one single act of rape. Appellant contends the Commonwealth charged only a single act of rape, which cannot support a separate sentence for violating two subsections of the same statute, despite the fact that the evidence supports both convictions. Appellant claims the court's imposition of more than one punishment for a single offense conflicts with the fundamental principles of double jeopardy prohibition against multiple punishments for the same offense. Appellant concludes this Court should vacate the judgment of sentence on Count 2 at Criminal Information No. 0454-2013, because it is merely an alternative for the same Rape offense punished in Count 1. We disagree.

Whether crimes merge for sentencing purposes implicates the legality of the sentence. *Commonwealth v. Tanner*, 61 A.3d 1043, 1046 (Pa.Super. 2013). Therefore, our standard of review is *de novo* and our scope of review is plenary. *Id.* Merger of sentences is governed generally by Section 9765 of the Sentencing Code, which provides:

**§ 9765. Merger of sentences**

> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S.A. § 9765. "[T]he language of the legislature is clear. The only way two crimes merge for sentencing is if **all** elements of the lesser offense are included within the greater offense." ***Commonwealth v. Coppedge***, 984 A.2d 562, 564 (Pa.Super. 2009) (stating cases decided before effective date of Section 9765 are not instructive in merger analysis; regardless of whether facts of particular case comprise both crimes; if elements of crimes differ, *i.e.*, if one offense can be committed without committing other offense, crimes do not merge under legislative mandate of Section 9765).

The Crimes Code defines the offenses of rape of a child and rape of a mentally disabled person, in relevant part, as follows:

> **§ 3121. Rape**
>
> **(a)    Offense defined.—**A person commits a felony of the first degree when the person engages in sexual intercourse with a complainant:
>
> \*    \*    \*
>
> (5)   Who suffers from a mental disability which renders the complainant incapable of consent.
>
> \*    \*    \*
>
> **(c)    Rape of a child.—**A person commits the offense of rape of a child, a felony of the first degree, when the person engages in sexual intercourse with a complainant who is less than 13 years of age.

- 3 -

18 Pa.C.S.A. § 3121(a)(5), (c).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Katherine V. Oliver, we conclude Appellant's issue merits no relief. The Trial Court opinion fully discusses and properly disposes of the question presented. (*See* Trial Court Opinion, filed April 10, 2017, at 3-6) (finding: merger of offenses on Counts 1 and 2 at Criminal Information No. 0454-2013 for sentencing is prohibited, unless offenses arose from single criminal act **and** all statutory elements of one offense are included in other; although single criminal act gave rise to Counts 1 and 2 at Criminal Information No. 0454-2013, each offense includes element other does not; Count 1, rape of mentally disabled person, includes element that victim was mentally disabled, which is not element of offense of rape of child; Count 2, rape of child, includes element that victim was child less than 13 years of age, which is not element of rape of mentally disabled person; merger of sentences for Counts 1 and 2 is therefore prohibited; imposing separate sentences for each offense did not violate double jeopardy guarantees under state or federal constitution). The criminal conduct at issue involved a single criminal act, but the charges at Counts 1 and 2 each include an element that the other does not. Thus, merger for sentencing was unwarranted; and the separate sentences imposed must stand. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>12/28/17</u>

|||||||||||||||||||||||||||||||||||||||| 9 PM
0000UTT9    CCGPRO 201812

## IN THE COURT OF COMMON PLEAS OF CENTRE COUNTY, PENNSYLVANIA
## CRIMINAL ACTION-LAW

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA ) | |
| ) | |
| v.                             ) | No. CP-14-CR-454-2013 |
| ) | No. CP-14-CR-531-2014 |
| PHILLIP D. COLTON              ) | |
| ) | |
| Defendant                      ) | |

*Attorney for the Commonwealth:*       *Stacy Parks Miller, Esq.*
*Attorney for Defendant:*      *Deborah Lux, Esq.*

Oliver, J.

### <u>1925(a) OPINION</u>

Defendant Phillip Colton appeals from a sentence imposed on November 9, 2016. Defendant was sentenced on that date at Centre County Criminal Information No.'s 454-2013 and 531-2014. In his appeal, Defendant contends that the Court's sentences imposed at Counts 1 and 2 of Information No. 454-2013 violate Defendant's double jeopardy rights under the federal and state constitutions.

Defendant filed a post-sentence motion on November 18, 2016, which was denied after argument on December 30, 2016. Defendant filed a notice of appeal and a timely 1925(b) statement pursuant to this Court's 1925(b) Order. The Court issues this Opinion pursuant to Pa.R.A.P. 1925(a).

### *Background*

Following a jury trial on July 1, 2014, Defendant Phillip Colton was convicted of numerous sex crimes stemming from sexual offenses committed over a three year period against his paramour's granddaughter, a mentally disabled minor.

Defendant was first sentenced on September 23, 2014 by the Honorable Bradley P. Lunsford. The aggregate state prison sentence imposed by Judge Lunsford was 30 to 60 years. Defendant challenged his sentence on appeal, arguing that the mandatory minimum sentences imposed by the Court pursuant to 42 Pa.C.S. §9718 were illegal under *Alleyne v. United States,*

 O ☐ RD ☐ S



133 S. Ct. 2151 (2013). The Superior Court agreed that the mandatory minimum sentences were illegal. Finding that vacating these sentences upset the overall sentencing scheme, the Superior Court vacated Defendant's judgment of sentence in its entirety and remanded the matter for re-sentencing.[1] (Superior Ct. Opin. and Order, Feb. 5, 2016).

Following remand, a sentencing hearing was conducted on November 9, 2016. At the hearing, the Court noted the intent to follow the general principle that a greater aggregate sentence should not be imposed on resentencing after a successful appeal so as not to punish Defendant for exercising his appeal rights. (*See* Tr. Nov. 9, 2016 Hr'g, at p. 28). The Court also expressed the belief that a lesser sentence was not warranted in this case, and noted that, in devising the overall sentence, the Court had attempted to attach periods of incarceration to the various different incidents and crimes while staying within the 30 to 60 year aggregate. (*Id.* p. 29).

In re-sentencing, the Court imposed an aggregate incarceration sentence of 30 to 60 years, broken down as follows:

Information No. 454-2013

Count 1, Rape of a Mentally Disabled Person (18 Pa.C.S. §3121(a)(5)): 4 - 8 years

Count 2, Rape of a Child (18 Pa. C.S.A. § 3121(c)): 6 -12 years

Sentences of incarceration for Counts 7 and 8 were concurrent to Count 2. There was no separate sentence for Counts 3-6. Count 10 merged for purposes of sentencing. Count 9 was *nol prossed* at the direction of the Commonwealth.

Information No. 531-2014

Count 1, Rape of a Mentally Disabled Person (18 Pa.C.S. §3121(a)(5)): 5-10 years

Count 2, Rape of a Mentally Disabled Person (18 Pa.C.S. §3121(a)(5)): 5-10 years

Count 3, Rape of a Mentally Disabled Person (18 Pa.C.S. §3121(a)(5)): 5-10 years

---

[1] Defendant was not successful on all of the issues pursued on appeal to the Superior Court, and filed a Petition for Allowance of Appeal to the Pennsylvania Supreme Court. Defendant's Petition was denied by Order dated July 27, 2016.

2

Count 22, Aggravated Indecent Assault of a Child (18 Pa.C.S. § 3125(b)): 5-10 years

Sentences of incarceration at Counts 24, 37-40, 48, 51, 59 and 62 were imposed as concurrent sentences.[2]

The conduct giving rise to the various charges against Defendant in the two Informations involved twelve incidents. The conduct giving rise to the charges at Information No. 454-2013 involved two separate incidents. The charges at Counts 1 and 2, however, arose from a single incident of rape. In his appeal, Defendant contends that the Court erred by imposing two separate sentences for the rape charges at Counts 1 and 2 of Information No. 454-2013, both violations of 18 Pa.C.S. § 3121 albeit different subsections of that statute, because there was only one underlying act of rape. (*See* Def's. Post-Sentence Mot., at 17-18). Specifically, Defendant contends that imposing separate punishments for violations of more than one subsection of the same criminal statute violates fundamental principles of double jeopardy when the underlying conduct involves but one act. (*See id.*). Defendant requests that his sentence at Count 2 of Information No. 454-2013 be vacated.

## *Discussion*

Resolution of Defendant's sentencing challenge is governed by 42 Pa.C.S. § 9765, Pennsylvania's statutory mandate pertaining to merger of sentences. Pursuant to section 9765:

> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S. § 9765. The Pennsylvania Supreme Court has interpreted section 9765 as prohibiting merger unless: (1) the crimes at issue arise from a single criminal act, and (2) all statutory elements of one of the offenses are included in the statutory elements of the other. *Commonwealth v. Baldwin,* 985 A.2d 830, 833 (Pa. 2009). In *Baldwin,* the Court characterized section 9765 as a clear expression of the legislature's intent with respect to merger and the ability to punish separate offenses arising from the same conduct so long as each offense includes an element that the other does not. *See Baldwin,* 985 A.2d at 834-837. The Court also determined

---

[2] Defendant was convicted on numerous other Counts for which incarceration sentences were not imposed.

3

that, in the context of this clear legislative intent, double jeopardy is not implicated. *Id.* at 837. After reviewing the history of double jeopardy jurisprudence and the merger doctrine, the *Baldwin* Court stated:

> [W]e reject Appellant's claim that the legislature's decision to impose an elements test for merger of sentence violates double jeopardy protections. Indeed, the [United States Supreme] Court has explained: "[T]he Fifth Amendment double jeopardy guarantee serves principally as a restraint on courts and prosecutors. The legislature remains free under the Double Jeopardy Clause to define crimes and fix punishments. . . ."

*Id.* at 836. The crimes at issue in *Baldwin* were violations of 18 Pa.C.S. § 6106 and § 6108, carrying a firearm without a license and carrying a firearm on public streets or property of Philadelphia. Both violations were based on a single criminal act. Based on the analysis discussed above, the *Baldwin* Court concluded that the offenses did not merge, and that the imposition of separate sentences did not violate the double jeopardy clause under the federal constitution. *Id.* at 837.

In *Commonwealth v. Wade*, 33 A.3d 108 (Pa. Super. 2011), *appeal denied*, 51 A.3d 839 (Pa. 2012), the Pennsylvania Superior Court extended the *Baldwin* analysis to double jeopardy challenges under the Pennsylvania constitution. In that case, the defendant was convicted and sentenced for the crimes of robbery-threat of serious bodily injury and robbery of a motor vehicle. *Id.* at 113. Both convictions resulted from a single criminal act when the defendant threatened the owner of a vehicle while in the process of stealing it. *Id.* at 117-18. The defendant in *Wade* argued that the robbery offenses were cognate offenses, that the facts underlying his convictions for each were identical, and that merger statute (section 9765), as applied in his case, violated the Pennsylvania Constitution's bar against double jeopardy. *Id.* at 116-17. The Superior Court disagreed, finding that the United States Supreme Court has rejected double jeopardy challenges under the federal constitution in similar circumstances, and that there is an absence of authority to suggest that the Pennsylvania Constitution's double jeopardy clause affords greater protection in the context of merger than does the federal constitution. The Court ultimately concluded that "the framers of the Pennsylvania Constitution never intended to restrict the legislature, via our double jeopardy clause, from defining merger of sentence issues." *Id.* at 121.

4

In the case at bar, Defendant argues that imposition of separate sentences at Information No. 454-2013 for Counts 1 and 2, Rape of a Mentally Disabled Person and Rape of a Child, ran afoul of the double jeopardy clauses in the federal and state constitutions and, thus, resulted in an illegal sentence. (*See* Def's Concise Statem., at ¶ 2). Based on the authorities discussed above, the Court concludes that Defendant's double jeopardy challenge lacks merit. As recognized in *Baldwin*, the intent of the legislature that separate punishments be permissible for violations of these two statutory provisions is clearly expressed in Pennsylvania's merger statute, 42 Pa.C.S. § 9765. Merger of offenses for sentencing is prohibited unless the offenses arise from a single criminal act and all statutory elements of one offense are included in the other. *Id.* at 833.

In the instant case, although the criminal conduct giving rise to the rape charges at Information No. 454-2013 involved a single criminal act, the rape of the victim, the crimes charged at Counts 1 and 2 each include an element that the other does not. Count 1, Rape of a Mentally Disabled Person, includes the element that the victim was mentally disabled, an element not included in the offense of Rape of a Child. On the flipside, the elements of Rape of a Child include the element that the victim was a child less than 13 years of age, an element not included in the offense of Rape of a Mentally Disabled Person. (*See* 18 Pa.C.S. §3121(a)(5), (c); Pa. Standard Crim. Jury Instructions, 15.3121B, D). Thus, section 9765 prohibits merger, and imposing separate sentences for each offense was not a violation of the double jeopardy guarantees under the state or federal constitution.

Defense counsel cites to *Commonwealth v. Dobbs*, 682 A.2d 388 (Pa. Super. 1996) and *Commonwealth v. Rhoads*, 636 A.2d 1166 (Pa. Super. 1994) as supporting the argument that double jeopardy prohibits separate sentences for Counts 1 and 2. These cases, which were decided before the enactment of Pennsylvania's merger statute, 42 Pa.C.S. § 9765, are inapposite.

Finally, the Court also notes that, during argument on Defendant's post-sentence motion, Defendant took the position that, because he was challenging only the sentences at Counts 1 and 2 of Information No. 454-2013, if the Court were to accept his challenge, the Court would be limited in re-sentencing to vacating the sentence at Count 2 of Information No. 454-2013. (*See* Tr. Dec. 30, 2016 Hr'g at p. 10). Assuming *arguendo*, the imposition of separate sentences at Counts 1 and 2 violates double jeopardy as Defendant contends, the Court believes that re-

5

sentencing on all of the Counts at Information No.'s 454-2013 and 531-2014 would be the only appropriate remedy, as the Court expressly stated during sentencing that the assignment of incarceration sentences to particular Counts was part of an overall sentencing scheme with a 30-60 year aggregate, and vacating the sentence as to only certain of the Counts would be disruptive of that entire scheme. *See Commonwealth v. Sutton*, 583 A.2d 500 (Pa. Super. 1990), *appeal denied*, 536 A.2d 156 (Pa. 1991).

BY THE COURT:

Date: 4-10-17

Katherine V. Oliver, Judge

6