## Commonwealth v. Murtha

*Joseph A. Massa,* for defendant.
*Jurij Trypupenko,* for commonwealth.

WOLFE, *P.J.,* February 4, 1985—Defendant has been charged with the crimes of robbery, making false reports to law enforcement authorities, fleeing or attempting to elude police officers, and violation of the Motor Vehicle Code involving damage to attended vehicle or property and failure to stop and render aid.

Defendant asserts he is a drug abuser and has applied for disposition of the charges in lieu of trial or criminal punishment under the "Controlled Substance, Drug, Device, and Cosmetic Act" of April 14, 1972, P.L. 233, §18, 35 P.S. §780-118. This section provides if a person is charged with a non-violent crime and claims to be a drug dependent or a drug abuser he may, prior to trial, request appropriate treatment under the Mental Health and Mental Retardation Act of 1966 in lieu of criminal prosecution. Procedurely defendant must submit to a physician experienced or trained in the field of drug dependency or drug abuse and if the diagnosis of the physician and recommendations be that treatment and rehabilitation would be preferable to the criminal charges, the charges may be held in abeyance or withdrawn in order to institute treatment for drug dependency or, if the physician recommends to the

contrary, the criminal charges are brought to prosecution.

The act gives the sole discretion to the government attorney, to-wit, the district attorney, to exercise his discretion whether or not to accept the physician's recommendation. If the district attorney does not accept the physician's recommendation, he is obligated to so state in writing and furnish defendant with a copy of his decision and reasons therefore.

Upon defendant's application the court appointed William M. Mann, Jr., M.D., to examine defendant in accordance with the provisions of the act. Dr. Mann reported in writing his diagnosis that defendant has an alcohol dependence, continuous; cannabis dependence, continuous; cocaine abuse, unspecified; and other mixed substance abuse, in remission. The physician stated it was impossible at the time of his examination on November 30, 1984, to tell whether or not defendant is continuing to abuse these substances. The physician did express his opinion that treatment in a rehabilitation center is indicated and it would be preferable for criminal charges to be held in abeyance pending defendant's participation in a rehabilitation program.

The specific acts as alleged which have brought the charge of robbery upon defendant are, "Defendant did intentionally, knowingly, or recklessly in the course of committing a theft, threaten with or intentionally put in fear of immediate serious bodily injury Rebecca Jeffers of 1513 Pennsylvania Avenue East, Warren, Pa., in that he did point a handgun at her face and demand money from the cash register."

At the time of hearing on defendant's application the physician was not present and subject to examination. The district attorney expressed concern of

the physician's diagnosis of whether defendant is a drug abuser or alcohol abuser. Rather than base any exercise of discretion whether or not to accept the physician's recommendation, the district attorney has taken the legal position that robbery is a violent crime and therefore, notwithstanding drug dependency, defendant is not a proper candidate for disposition of charges in lieu of trial. We agree.

Robbery is defined if a person, in the course of committing a theft, inflicts serious bodily injury upon another; or intentionally puts him in fear of imminent serious bodily injury; or commits or threatens immediately to commit any felony of the first or second degree. Our reading of the statute and the former law of robbery as found in the old penal code (18 P.S. §§4704, 4705, 4706 and 4707) concludes under the crimes code the legislature intended anyone whose conduct either inflicts serious bodily injury or threatens another with or intentionally puts him in fear of imminent serious bodily injury, is guilty of robbery. Under the prior penal code the various sections covered robbery, robbery by assault and force; robbery with accomplice or while armed or by violence (known as armed robbery); robbery of bank vaults and train robbery. Under the "Crime Code" the sections must be read in pari materia and as read it is no longer necessary that there be a physical touching or violence against the person of the victim as the prior Code mandated. A reading of the cases under the "Crimes Code" now compels the fact-finder to examine the facts on a case-by-case basis and determine if the allegations are true if the victim is placed in fear of immediate serious bodily injury if the victim does not respond to the threatening demands of the Defendant in the process of committing a theft. Commonwealth v. Ostolava, 267 Pa. Super. 451, 406 A.2d 1128 (1979).

Instantly, assuming the allegations against defendant to be true for the purpose of disposition of his petition, it is clearly reasonable to conclude the victim was put in fear of imminent serious bodily injury in that defendant pointed a handgun at her face and demanded the money. Further, we agree with the Commonwealth under 42 Pa. C.S. §9714 which controls prior convictions for crimes of violence, the crime of robbery is listed as defined in section 3701 of the code.

We therefore hold the Commonwealth's position robbery under the crimes code is a crime of violence and enter the following

### ORDER

And now, this February 4, 1985, for the reasons herein set forth defendant is not, as a matter of law, a candidate for disposition in lieu of trial or criminal punishment under Act 1972, April 14, P.L. 233, known as the "Controlled Substance, Drug, Device, and Cosmetic Act" and the Commonwealth is directed to schedule defendant for trial.