J-S39008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| VINCENT H. REICH, | |
| Appellant | No. 1061 WDA 2016 |

Appeal from the Judgment of Sentence Entered May 4, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0007920-2015

BEFORE: BENDER, P.J.E., BOWES, J., and STRASSBURGER, J.[*]

MEMORANDUM BY STRASSBURGER, J.: **FILED AUGUST 21, 2017**

Vincent H. Reich (Appellant) appeals from the judgment of sentence of 10 to 20 years of incarceration, followed by five years of probation, imposed after he was convicted of two counts of robbery, one pursuant to 18 Pa.C.S. § 3701(a)(ii) (threatening immediate serious bodily injury), and the other pursuant to 18 Pa.C.S. § 3701(a)(vi) (taking or removing money from a financial institution). Appellant challenges both the sufficiency and weight of the evidence to sustain his conviction under section 3701(a)(ii). We affirm.

Appellant was charged with the above-stated offenses and proceeded to a non-jury trial on February 4, 2016. There, Cecilia Frazier testified that on May 29, 2015, she was working as a bank teller at a Citizens Bank in the Oakland section of the City of Pittsburgh. N.T., 2/4/2016, at 5-6. At

_____

[*] Retired Senior Judge assigned to the Superior Court.

approximately 12:30 p.m., Appellant came into the bank wearing a "giant black hoodie[,]" despite the fact that it was around 85 degrees that day. *Id.* at 9. Appellant walked up to Ms. Frazier and handed her a note stating, "just give up the drawer and nobody gets hurt." *Id.* at 9, 10. Ms. Frazier testified that Appellant's left hand was visible, but his right hand was in the front pouch of his sweatshirt "pretty much the entire time." *Id.* at 9, 18. She stated that the fact that she could not see Appellant's right hand "made it really hard for [her] to tell whether he had a weapon or not…." *Id.* at 9-10.

After Appellant handed Ms. Frazier the note, she "opened [her] drawer and started taking out the cash[,]" *id.* at 9, at which point Appellant "got really loud" and yelled, [`]hurry up and no one gets hurt,['] and then he start[ed] counting down from ten." *Id.* at 9, 18. Ms. Frazier gathered the money and gave it to Appellant by the time he reached number five. *Id.* at 24. Appellant then walked out of the bank. Ms. Frazier testified that the entire incident lasted about one-and-a-half minutes. *Id.* at 25.

Appellant also testified at trial. He explained that he became a heroin addict after he injured his back at his construction job and was prescribed pain medication. *Id.* at 50. On the date of the robbery, he was going through severe heroin withdraw, which caused him to be very sick. *Id.* at 53. After being turned away from two hospitals where he went to seek help, Appellant decided to rob a bank because he "knew that the protocol at the bank was that they would give over the money" if he "handed them the note

asking them for it...." *Id.* at 51-53, 54. Appellant explained that when he went into Citizens Bank, he did not have a weapon, and he had his hand in his pocket because he has identifying tattoos on that hand. *Id.* at 58. Appellant testified that it was not his intention to place Ms. Frazier in fear that he was "going to seriously injure or hurt her or kill her[;]" instead, he simply intended to get the money as fast as possible "so [he] could not be sick." *Id.* at 59, 60.

At the close of Appellant's trial, the court convicted him of both robbery counts with which he was charged. On May 4, 2016, the trial court sentenced Appellant to a mandatory term of 10 to 20 years of incarceration for his robbery conviction under subsection 3701(a)(1)(ii). *See* 42 Pa.C.S. § 9714 (providing sentences for second and subsequent offenses). For his other robbery offense under subsection 3701(a)(1)(vi), Appellant received a consecutive term of 5 years of probation. Appellant timely filed a post-sentence motion, which the court denied. He then timely filed a notice of appeal and complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

On appeal, Appellant presents two issues for our review:

I. Whether the Commonwealth failed to present sufficient evidence to prove beyond a reasonable doubt that Appellant … was guilty of robbery - threatens immediate serious bodily injury?

II. Whether [the] verdict of guilty to robbery - threatens immediate serious bodily injury was against the weight of the evidence presented at trial?

Appellant's Brief at 4 (unnecessary capitalization omitted).

Appellant's first issue attacks the sufficiency of the evidence. In reviewing such a claim,

> we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt.

*Commonwealth v. Koch*, 39 A.3d 996, 1001 (Pa. Super. 2011) (citations omitted).

Appellant challenges his conviction of robbery under section 3701(a)(1)(ii).[1] Appellant argues that the evidence in this case was insufficient to support his conviction because he never explicitly threatened Ms. Frazier with serious bodily injury. He also asserts that his conduct of entering the bank, handing Ms. Frazier a note, obtaining the money, and leaving, did not demonstrate that he intended to place Ms. Frazier in fear of serious bodily injury. Appellant emphasizes that Ms. Frazier's subjective fear that he might have had a weapon in his pocket is insufficient to prove that

---

[1] Appellant does not raise any issue concerning his robbery conviction under section 3701(a)(1)(vi).

- 4 -

he intended her to believe that he would inflict immediate serious bodily injury upon her if she did not comply with his demands. **See** Appellant's Brief at 14-15 (relying on **Commonwealth v. Ostolaza**, 406 A.2d 1128 (Pa. Super. 1979) ("The facts that the victim resisted, that there was a brief tug over the wallet, and that the victim testified that she was afraid, were not sufficient to prove that [the] appellant intended that the victim be, or indeed that she was, placed in fear of serious bodily injury, as required under the Crimes Code.")).

Recently, in **Commonwealth v. Bragg**, 133 A.3d 328 (Pa. Super. 2016), *appeal granted in part on other grounds*, 143 A.3d 890 (Pa. 2016), this Court considered the sufficiency of the evidence to sustain a conviction under the subsection at issue here.

> [Bragg] claims there was insufficient evidence to support his first-degree robbery conviction pursuant to [subs]ection 3701(a)(1)(ii) of the Crimes Code, which provides that "[a] person is guilty of robbery if, in the course of committing a theft, he … (ii) threatens another with or intentionally puts him in fear of immediate **serious** bodily injury." 18 Pa.C.S.[] § 3701(a)(1)(ii) [(emphasis added)]. [Bragg] argues that he did not threaten or place anyone in fear of immediate serious bodily injury as he entered the banks in broad daylight, banged on the counter, and demanded money. Instead, [Bragg] claims that he should have been convicted of a lesser offense, second-degree robbery under [subs]ection 3701(1)(iv), which only requires evidence that the defendant "threatens another with or intentionally puts him in fear of immediate bodily injury." 18 Pa.C.S.[] § 3701(a)(1)(iv).
>
> This Court has held that in order "to sustain a conviction under § 3701(a)(1)(ii), the Commonwealth need not prove a verbal utterance, but may show aggressive actions that threaten serious bodily injury." **Commonwealth v. Davis**, [] 459 A.2d

1267, 1272 ([Pa. Super.] 1983). In **Davis**, a defendant entered a pipe shop through the store window, told the clerk to get back, and removed money from the cash register. As the Superior Court found that [Davis's] mode of entry and his warning to the clerk were aggressive and implied a threat to the victim's safety, the Superior Court upheld [Davis's] robbery conviction under [subs]ection 3701(a)(1)(ii).

Similarly, in the instant case, [Bragg's] aggressive actions placed employees and customers of PNC Bank in fear of serious bodily injury. [Bragg] entered the bank, disguised himself with sunglasses and a baseball cap, and equipped with surgical gloves to conceal his fingerprints. When he reached the teller, he sneered, "What are you looking at?" [Bragg] then banged his fists on the counter and demanded that the teller place only large bills in his bag. **While [Bragg] asserts he cannot be guilty of first-degree robbery as he did not brandish a weapon or make a specific verbal threat, this Court has never held that either action is required to sustain a conviction under [subs]ection 3701(a)(1)(ii)**. Accordingly, we conclude that the trial court did not err in finding sufficient evidence to support [Bragg's] robbery conviction under [subs]ection 3701(a)(1)(ii).

**Bragg**, 133 A.3d at 331–32 (emphasis added).

The instant case is indistinguishable from **Bragg**. Appellant walked into a bank and acted aggressively. Moreover, Appellant twice threatened that he would "hurt" someone if Ms. Frazier did not comply with his directives. **See** N.T., 2/4/2016, at 9, 10, 18. Based on the foregoing, this threat of harm during the course of a robbery attempt is sufficient to establish the elements of subsection 3701(a)(1)(ii). Accordingly, we conclude that Appellant is not entitled to relief on this claim.

We now turn to Appellant's second issue on appeal where he claims that the verdict was against the weight of the evidence. He argues that

"[w]hen considering the facts …, including lack of evidence that Ms. Frazier was threatened or place[d] in fear of immediate serious bodily injury, the evidence in this case weighs heavily against the verdict reached by the [trial c]ourt, and as such shocks one's sense of justice." Appellant's Brief at 16.

> The decision of whether to grant a new trial on the basis of a challenge to the weight of the evidence is necessarily committed to the sound discretion of the trial court due to the court's observation of the witnesses and the evidence. A trial court should award a new trial on this ground only when the verdict is so contrary to the evidence as to shock one's sense of justice. ... Our review on appeal is limited to determining whether the trial court abused its discretion in denying the motion for a new trial on this ground.
>
> *Commonwealth v. Chamberlain*, 612 Pa. 107, 30 A.3d 381, 396 (2011) (citations omitted). "Not merely an error in judgment, an abuse of discretion occurs when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence on record." *Commonwealth v. Handfield*, 34 A.3d 187, 208 (Pa. Super. 2011) (quoting *Commonwealth v. Cain*, 29 A.3d 3, 6 (Pa. Super. 2011)).

*Commonwealth v. Miklos*, 159 A.3d 962, 969 (Pa. Super. 2017).

Instantly, the trial court concluded that "it is abundantly clear that the record in this case does not shock one's conscience." Trial Court Opinion, 2/27/2017, at 6. In this non-jury trial, the trial court believed the testimony of Ms. Frazier and concluded that Appellant's actions in robbing the bank put her in fear of serious bodily injury. Thus, we discern no abuse of discretion

in the trial court's conclusion that "the verdict clearly did not shock [its] sense of justice." *Miklos*, 159 A.3d at 969.

Having concluded that Appellant has not presented any issue entitling him to relief, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judge Bowes joins.

PJE Bender files a dissenting memorandum.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/21/2017