**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Earl BRANDON, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 7, 2013.

Filed Nov. 6, 2013.

Karl Baker and Owen W. Larrabee, Public Defender, Philadelphia, for appellant.

Hugh J. Burns, Jr., Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

BEFORE: ALLEN, MUNDY, and FITZGERALD *, JJ.

OPINION BY ALLEN, J.:

Earl Brandon ("Appellant") appeals from the judgment of sentence imposed after the trial court convicted him of one count of third degree robbery, and one count of making terroristic threats.[1] The trial court sentenced Appellant to a concurrent four years of probation at each count.

Appellant presents a single issue for our review:

Was not appellant's conviction on a charge different from the one contained in the information a violation of his rights under the Rules of Criminal Pro-

---

* Former Justice specially assigned to the Superior Court.

1. 18 Pa.C.S.A. §§ 3701(a)(1)(v) and 2706.

cedure and the Due Process Clauses of the United States and Pennsylvania Constitutions?

Appellant's Brief at 3.

The trial court recounted the facts as follows:

At the trial for Appellant, MD Ali, a taxicab driver, testified that in the early morning hours of November 24, 2011, he was driving his taxicab cab when he came into contact with the Appellant at 15th and Chestnut Street in the city and county of Philadelphia. Appellant was standing on the corner and raised his hand to flag down Mr. Ali's cab and asked Mr. Ali if he could take him to Lansdale. Mr. Ali told Appellant that he could take him to Lansdale and Appellant then got into the cab in the front seat next to Mr. Ali. Mr. Ali then put Appellant's address into his GPS and told him because of the long distance the trip was going to cost $70–$80 and asked him to pay him the money right away. Appellant told Mr. Ali that he did not have any money or credit card on him and would pay him when he got to the location which was his mother's home. Mr. Ali told Appellant that he would not take him unless he paid upfront. At that point, Mr. Ali testified that Appellant put his hand in his left pocket and told him to keep driving, not to call the police, and that he was going to fuck him up. Mr. Ali testified that he was scared and started driving. Appellant then told Mr. Ali to put his cell phone into a small box near his seat. As Mr. Ali was driving, Appellant kept his hand in his pocket and Mr. Ali testified that he was looking for the police and was going to try to jump out of the cab because he was scared. Mr. Ali testified that he believed the Appellant may have had a gun or some other weapon in his pocket. When they got to 17th and Walnut Street, Mr. Ali testified that he saw two police cars and then he pulled the cab over to the side of the road, jumped out and went over to the police officers.

Police Officer Joseph Pannick testified that on November 24, 2011, at approximately 3:36 a.m., while on duty on the 1700 block of Walnut, Mr. Ali approached him and his partner and told them that he had been robbed and he pointed out Appellant. Officer Pannick testified that Mr. Ali was visibly upset, was stuttering, and had obviously been through an ordeal. The officers then saw the Appellant fleeing westbound down Walnut Street. The officers stopped him and after he was identified as the person who robbed Mr. Ali, Appellant was asked his version of what had happened. Appellant told them that he did not know why Mr. Ali thought he had robbed him but that he was not serious when he told him that he had a gun. Officer Pannick searched the Appellant and did not recover any gun or other weapon, or any cash. The officer testified that in his professional opinion that the Appellant was visibly intoxicated.

The Appellant also testified at trial and stated that he was intoxicated that night and had been involved earlier in a fight at a hotel. He stated that when he got into the cab, he and Mr. Ali were arguing over Appellant paying the money upfront for the long cab ride. Appellant testified that he definitely got an attitude with Mr. Ali but he was not threatening him and was just pleading with him to not call the police. He stated that he did reach into his pocket a couple of times but did not think he kept it there the entire time until Mr. Ali pulled over and ran out of the cab.

Trial Court Opinion, 5/17/13, at 2–4 (citations omitted).

Appellant argues that he was wrongly convicted of robbery in the third degree

because the Commonwealth's information only charged him with robbery in the second degree. Appellant's Brief at 7–20. The Commonwealth and the trial court agree that Appellant was never charged with third degree robbery. *See* Trial Court Opinion, 5/17/13, at 1; Commonwealth Brief at 1. The Commonwealth further conceds that Appellant was never given advance notice that he would be subject to a third degree robbery conviction. *See* Commonwealth Brief at 7; *see also Commonwealth v. Petrillo*, 338 Pa. 65, 12 A.2d 317 (1940) (an indictment must be notification to a defendant of the charge he has to meet).

■ Our review of the record confirms the parties' averments. In explaining the third degree robbery conviction, the trial court reasoned that although Appellant was not charged with third degree robbery, it properly convicted Appellant of third degree robbery because third degree robbery is a lesser included offense of second degree robbery. Trial Court Opinion, 5/17/13, at 4–7 (*citing Commonwealth v. Ostolaza*, 267 Pa.Super. 451, 406 A.2d 1128 (1979) (upon an indictment for a particular crime, a defendant may be convicted of a lesser offense included within it)). We disagree.

■ An offense may be considered a lesser included offense if each and every element of the lesser offense is necessarily an element of the greater offense. *Commonwealth v. Thomas*, 376 Pa.Super. 455, 546 A.2d 116, 118 (1988) (*en banc*). Here, the elements of second and third degree robbery are distinctly different. Robbery of the second degree occurs when, in the course of committing a theft, a person:

> inflicts bodily injury upon another or threatens another with or intentionally

puts him in fear of immediate bodily injury

18 Pa.C.S.A. § 3701(a)(1)(iv).

Robbery in the third degree occurs when, in the course of committing a theft, a person:

> physically takes or removes property from the person of another however slight

18 Pa.C.S.A. § 3701(a)(1)(v).

The trial court expressly "held that the elements of third degree robbery of physically taking or removing property from the person of another by force are included in the greater second degree offense of threatening or intentionally putting another in fear of immediate bodily injury in the course of committing a theft." Trial Court Opinion, 5/17/13, at 6–7. In so holding, the trial court relied on our recent decision in *In re C.S.*, 63 A.3d 351 (Pa.Super.2013), and concluded that because *C.S.* determined that "force is implicit throughout the entire Robbery statute," that "taking from the person of the victim is also implicit throughout the entire [robbery] statute." *Id.* at 6. We disagree that taking from the person of the victim is implicit throughout the robbery statute.

In concluding that taking from the person of the victim is implicit throughout the robbery statute, the trial court acknowledged, but disregarded, our holding in *Ostolaza, supra*. The trial court reasoned that "based on more recent cases" like *C.S., supra* (holding that force is implicit in the robbery statute), it could find "that taking from the person of the victim is also implicit throughout the entire statute." Trial Court Opinion, 5/17/13, at 6. The trial court erred in making this leap in reasoning. Even though this Court in *Ostolaza* ultimately determined that robbery at section 3701(a)(v) is not a lesser included offense of robbery at section 3701(a)(ii), its holding that taking from

the person of the victim is not an element of 3701(a)(**ii**) (threatens another with or intentionally puts him in fear of immediate bodily injury) applies to the second degree robbery charged in the instant case at section 3701(a)(**iv**) (inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury). We stress that *Ostolaza* remains good law.

 Furthermore, the Commonwealth correctly asserts that under the plain language of the robbery statute, the act of "physically [taking or removing] property from the person of another" is required only under subsection (v) of the robbery statute at section 3701(a)(1). *See* Commonwealth Brief at 6 (*citing Commonwealth v. Robinson*, 936 A.2d 107, 110 (Pa.Super.2007) ("liability for conviction of robbery attaches even if force is used during the **attempt** of theft") (emphasis in original) and *Commonwealth v. Lloyd*, 376 Pa.Super. 188, 545 A.2d 890, 892 (1988) (jury could find "that appellant committed robbery even though he was unsuccessful in obtaining the victim's money")). The trial court erred in its conclusion that taking from the person of the victim is implicit throughout the robbery statute.

Given our holding that third degree robbery is not a lesser included offense of second degree robbery, we agree with the parties that Appellant's conviction for third degree robbery must be vacated because Appellant was never charged with third degree robbery. *Petrillo, supra.* With regard to Appellant's sentence, where he received concurrent terms of four years' probation for both convictions (robbery and terroristic threats), our disposition vacating Appellant's robbery conviction and judgment of sentence does not alter Appellant's aggregate sentence of four years of probation. Thus, we need not remand for resentencing. *Commonwealth v. Robinson*, 817 A.2d 1153, 1163 n. 14 (Pa.Super.2003) (no need to remand for resentencing where sentence that was reversed had been ordered to run concurrently to sentence imposed on another conviction).

Conviction and judgment of sentence for robbery at 18 Pa.C.S.A. § 3701(a)(1)(v) vacated. Conviction and judgment of sentence for terroristic threats at 18 Pa.C.S.A. § 2706 affirmed. Jurisdiction relinquished.