J-A09018-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SOUMANA DAO | : | |
| | : | |
| Appellant | : | No. 474 WDA 2020 |

Appeal from the Judgment of Sentence Entered August 19, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0014367-2017

BEFORE:   STABILE, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                **FILED:  August 19, 2021**

Soumana Dao appeals from the judgment of sentence imposed following a bench trial where the court found him guilty of several offenses including kidnapping.  Upon review, we affirm.

This case arises out of the following facts.  In the early morning hours of October 13, 2017, the Complainant was standing on the corner of 7th and Penn Avenue in Pittsburgh waiting for an Uber to drive her to her home in the South Hills.  Shortly after requesting the Uber, her phone died.  As a result, she did not know the make, model or license plate of the Uber that was being sent to pick her up.  Dao pulled up to the Complainant in his car with an Uber sticker on his window.  The Complainant asked Dao if he was her Uber driver,

---

[*] Retired Senior Judge assigned to the Superior Court.

and he said yes. In fact, however, Dao was not the driver sent to pick up the Complainant.

The Complainant sat in the front seat to be aware of her surroundings. Instead of taking the Complainant home, Dao drove her to his apartment complex in the North Hills. The Complainant continuously protested and questioned where Dao was taking her. While driving, Dao groped the Complainant.

When Dao arrived at his apartment complex, the Complainant saw another resident and asked for help. The resident took the Complainant into his apartment and called for a new Uber to take her home.

The next day, the Complainant called the police and reported the incident. When the police spoke with Dao, he admitted to picking the Complainant up and driving her to his apartment complex, but denied assaulting her. He further stated that the Complainant knew he was going to his apartment to get a jacket before dropping her off at her house. Dao was arrested and charged with several offenses including kidnapping under 18 Pa.C.S.A. § 2901(a).[1]

_____

[1] 18 Pa.C.S.A. § 2901(a) provides:

> **(a) Offense defined.--**Except as provided in subsection (a.1), a person is guilty of kidnapping if he unlawfully removes another a substantial distance under the circumstances from the place where he is found, or if he unlawfully confines another for a substantial period in a place of isolation, with any of the following intentions:

*(Footnote Continued Next Page)*

J-A09018-21

The criminal information against Dao provided in relevant part as follows:

> Count: 1 KIDNAPPING FOR RANSOM                    Felony 1
>
> The actor unlawfully removed Jennifer Hill a substantial distance under the circumstances from the place where that person was found, namely, 7th St and Penn Ave, Pittsburgh*, **with any of the of the following intentions**: to hold for ransom or reward, or as a shield or hostage **OR** to facilitate commission of a felony or flight thereafter **OR** to inflict bodily injury on or to terrorize the victim or another person **OR** to interfere with the performance by public officials or any governmental or political function, in violation of Section 2901(a) of the Pennsylvania Crimes Code, Act of December 6, 1972, **18 Pa.C.S. § 2901(a)**, as amended.

(emphasis added).

Following a bench trial, the court found Dao guilty on all counts including kidnapping. Specifically, the trial court stated: "With respect to Count 1, kidnapping for ransom, I find the defendant guilty." The court sentenced him to one year less a day to two years less two days of incarceration and five years of probation to run concurrent with his incarceration.

---

(1) To hold for ransom or reward, or as a shield or hostage.

(2) To facilitate commission of any felony or flight thereafter.

(3) To inflict bodily injury on or to terrorize the victim or another.

(4) To interfere with the performance by public officials of any governmental or political function.

- 3 -

Following a Post-Conviction Relief Act[2] ("PCRA") petition, the trial court reinstated Dao's post-sentence and direct appellate rights. Dao filed a post sentence motion, which the court denied. Dao filed this timely appeal.

On appeal, Dao raises the following single issue for our review:

1. Whether the evidence was insufficient to convict Dao of Kidnapping for Ransom where the Commonwealth presented no evidence that Dao held the victim for ransom or reward, or as a shield or hostage?

*See* Dao's Brief at 6.

Dao challenges the sufficiency of the evidence. Specifically, Dao argues that the trial court convicted Dao of kidnapping for ransom, but there was insufficient evidence to convict Dao of this offense. According to Dao, the Commonwealth presented no evidence that Dao held the Complainant for ransom, reward, shield, or hostage. Because he believes this was the only crime for which he was charged, Dao maintains that his conviction must be reversed, and his sentence vacated. Dao's Brief at 16.

While we agree with Dao that there was no evidence to convict him of kidnapping for ransom, we, nonetheless, disagree that we should reverse his conviction or vacate his sentence. Our reasoning follows.

First, contrary to Dao's contention, we observe that the criminal information charged him with kidnapping generally, not kidnapping for ransom specifically. In reaching this conclusion, we consider the purpose of a criminal

---

[2] 42 Pa.C.S.A. §§ 9541-46.

information and its required contents. A criminal information is intended to notify a defendant of the charges he must meet. ***Commonwealth v. Petrillo***, 12 A.2d 317, 324 (Pa. 1940); ***Commonwealth v. Brandon***, 79 A.3d 1192, 1194 (Pa. Super. 2013). It is comparable to a complaint in a civil matter. Pennsylvania Rule of Criminal Procedure 560 sets forth the required contents of an information as follows:

Rule 560. Information: Filing, Contents, Function

(A) After the defendant has been held for court following a preliminary hearing or an indictment, the attorney for the Commonwealth shall proceed by preparing an information and filing it with the court of common pleas.

(B) The information shall be signed by the attorney for the Commonwealth and shall be valid and sufficient in law if it contains:

(1) a caption showing that the prosecution is carried on in the name of and by the authority of the Commonwealth of Pennsylvania;

(2) the name of the defendant, or if the defendant is unknown, a description of the defendant as nearly as may be;

(3) the date when the offense is alleged to have been committed if the precise date is known, and the day of the week if it is an essential element of the offense charged, provided that if the precise date is not known or if the offense is a continuing one, an allegation that it was committed on or about any date within the period fixed by the statute of limitations shall be sufficient;

(4) the county where the offense is alleged to have been committed;

***(5) a plain and concise statement of the essential elements of the offense substantially the same as or cognate to the offense alleged in the complaint; and***

- 5 -

(6) a concluding statement that "all of which is against the Act of Assembly and the peace and dignity of the Commonwealth."

*(C) The information shall contain the official or customary citation of the statute and section thereof, or other provision of law that the defendant is alleged therein to have violated; but the omission of or error in such citation shall not affect the validity or sufficiency of the information.*

*(D) In all court cases tried on an information, the issues at trial shall be defined by such information.*

Pa. R. Crim. P. 560 (emphasis added).

Notably, Rule 560 requires that a criminal information set forth the elements of the offense along with a citation to the statute that the defendant is alleged to have violated. However, Rule 560 does not require that each count be given a title; if the information contains titles for the charges, such titles have no legal significance. Rather, the stated elements of the offense and the statute cited establish the charges against a defendant. ***Id.*** (B)(5), (C).

As mentioned above, the information serves like complaint in civil matters, where comparable rules apply. ***See*** Pa. R. Civ. P. 1019 and 1020. The allegations set forth in the paragraphs of the complaint define the causes of action against a defendant, not the headings or titles to any of the counts therein. In other words, the substance of the complaint, rather than its form, controls. ***See Varner v. Classic Communities Corp.***, 890 A.2d 1068, 1074 (Pa. Super 2006); ***Grossman v. Barke***, 868 A.2d 561 (Pa. Super. 2005), *appeal denied,* 889 A.2d 89, (Pa. 2005).

Similarly, we conclude that the substance of a criminal information controls and defines the charges against a defendant. Here, the criminal information notified Dao that he was charged with kidnapping generally, 18 Pa.C.S.A. § 2901(a); the information did not specifically charge him with kidnapping for ransom, 18 Pa.C.S.A. § 2901(a)(1), despite the title listed next to Count 1. Based on the plain and concise statement of the essential elements of the offense and the statute cited for Count 1, Dao was on notice that **all** subparts of the kidnapping statute were at issue. The title ascribed to Count 1 in the information served no substantive purpose. Thus, the Commonwealth sufficiently charged Dao with all forms of kidnapping. To conclude otherwise would exalt form over substance.

Furthermore, we find that the Commonwealth presented sufficient evidence at trial for the trial court to convict Dao of Count 1. In reviewing a sufficiency of the evidence claim,

> we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt.

*Commonwealth v. Koch*, 39 A.3d 996, 1001 (Pa. Super. 2011) (citations omitted). Additionally, we acknowledge that a variance between the charge contained in a criminal information and the proof at trial can be fatal. *Commonwealth v. McIntosh*, 476 A.2d 1316 (Pa. Super. 1984).

Here, Count 1 of the criminal information referenced the kidnapping statute. Thus, the Commonwealth could have presented evidence at trial to establish that Dao violated any one of the forms of kidnapping identified in that statute. This included kidnapping with intent to harm and/or terrorize the Complainant, the theory upon which the Commonwealth proceeded at trial.

In fact, the record shows the Commonwealth presented sufficient evidence to support that theory. Dao took the Complainant to a location other than the one she requested; he drove her in the exact opposite direction from where she sought to go. When she questioned Dao about where he was taking her, he told her not to worry and that everything would be fine. She repeatedly asked Dao to turn around and told him she wanted to go home. Dao ignored her. The Complainant was confused and felt very uneasy. Dao groped the Complainant as he drove to his apartment complex. The Complainant was crying and became hysterical.

This evidence, viewed in the light most favorable to the Commonwealth as the verdict winner, was sufficient to convict Dao of Count 1, kidnapping generally, based on Doa's kidnapping with the intent to harm and/or terrorize the Complainant.[3]

---

[3] Although the trial court referenced the misnamed title of Count 1 in declaring its verdict, this was of no consequence. As discussed above, only the substance of Count 1 in the information was relevant. The trial court found Dao guilty of Count 1, kidnapping generally (and specifically kidnapping with the intent to terrorize) which it confirmed in its opinion. Trial Court Opinion, 6/4/20, at 4.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/19/2021